5:18-cv-1055 (FJS/ATB)

STATE OF NEW YORK
SUPREME COURT    COUNTY OF ONONDAGA

JIMMIE J. HARRISON,

          Plaintiff,    **SUMMONS**

-vs-

CITY OF SYRACUSE, SYRACUSE CITY    Index No.:
POLICE DEPARTMENT, SYRACUSE POLICE
OFFICER QUINTON AND SYRACUSE POLICE
OFFICER SINCLAIR,

          Defendants.

**TO THE ABOVE-NAMED DEFENDANTS:**

  **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York).

  **IF YOU FAIL TO APPEAR OR ANSWER,** judgment will be taken against you by default for the relief demanded in the complaint.

Dated: August 10, 2018    JARROD W. SMITH, ESQ., P.L.L.C.

              _____
              Jarrod W. Smith, Esq.
              Attorney for Plaintiff
              11 South Main Street - P.O. Box 173
              Jordan, New York 13080
              Tel.: (315) 277-5370; Fax: (315) 277-5395
              jarrodwsmithesqpllc@gmail.com

STATE OF NEW YORK
SUPREME COURT         COUNTY OF ONONDAGA

JIMMIE J. HARRISON,

         Plaintiff,    **VERIFIED COMPLAINT**

-vs-

CITY OF SYRACUSE, SYRACUSE CITY  **Index No.:**
POLICE DEPARTMENT, SYRACUSE POLICE
OFFICER QUINTON AND SYRACUSE POLICE
OFFICER SINCLAIR,

         Defendants.

  Plaintiff, **JIMMIE J. HARRISON**, by and through his attorney, Jarrod W. Smith, Esq., Of Counsel to Jarrod W. Smith, Esq., P.L.L.C., does hereby make a complaint against the **CITY OF SYRACUSE, SYRACUSE CITY POLICE DEPARTMENT, SYRACUSE POLICE OFFICER QUINTON AND SYRACUSE POLICE OFFICER SINCLAIR** and the same is herewith presented to you and to the above-mentioned for damages sustained by the Plaintiff and does state the following:

  1.  Plaintiff, Jimmie J. Harrison resides in the City of Syracuse in the County of Onondaga.

  2.  The Defendant, City of Syracuse, central office is located at 233 East Washington Street, Syracuse, New York 13202.

  3.  The Defendant, Syracuse City Police Department, central office is located at 511 South State Street, Syracuse, New York 13202.

1

4. The Defendant, Syracuse Police Officer Quinton, is employed by the Syracuse City Police Department with offices at 511 South State Street, Syracuse, New York 13202.

5. The Defendant, Syracuse Police Officer Sinclair, is employed by the Syracuse City Police Department with offices at 511 South State Street, Syracuse, New York 13202.

6. This claim seeks money damages from the Defendants for severe injuries that the Plaintiff suffered by the Defendants. Money damages are sought for malicious prosecution; conspiracy to commit malicious prosecution, false arrest; illegal forfeiture; intentional infliction of emotional distress; and the violation of Plaintiff's rights pursuant to the Constitution of the State of New York.

7. Plaintiff's rights were violated under Article 1, §§ 11 and 12 of the Constitution of the State of New York, and the laws of the State of New York.

### JURISDICTION/VENUE

8. This action was brought pursuant to violations of Plaintiff's rights under Article 1, §§ 11 and 12 of the Constitution of the State of New York, and the laws of the State of New York.

9. Pursuant to New York State General Obligations Law §50 – G, on or about, September 20, 2017 Plaintiff filed a timely Notice of Claim with each and every Defendant captioned above that was entitled to the protections of the General Obligations law aforementioned within 90 days of the events here complained.

10. Venue is proper as the all of the transactions and occurrences occurred with the County of Onondaga and all witnesses are found within the County of Onondaga.

2

## JURY DEMAND

11. Plaintiff respectfully demands a trial by jury of all issues in this matter, including but not limited to damages.

## FACTS OF THE CASE

12. On August 15, 2017, Plaintiff was riding in a car owned by Christy Tainter.

13. The car was pulled over my Officer Sinclair and Officer Quinton at 3:00 p.m. on August 15, 2015.

14. The Plaintiff was in a navy-blue Dodge Dart that he did not own. The vehicle was not registered in his name. It was owned by Christy Tainter and she was driving the vehicle when it was pulled over.

15. The Defendant Officers made the Plaintiff and Ms. Tainter exit the vehicle while they search the vehicle without a warrant. There was no smell of alcohol or marijuana in the vehicle.

16. The Defendant Officers then illegally searched the Plaintiff where they found $3,300.00 in cash on the Plaintiff. Plaintiff was in the music recording business until he had a stroke in February 14, 2016. Plaintiff was in a coma for a week. It took Plaintiff approximately a year to learn how to talk and walk. Plaintiff is limited in using his hands, therefore, he does not record music anymore. The monies found on his person was money he had saved from his business.

17. Upon information and belief, the Defendant officers took Plaintiff's money in the amount of $3,300.00. To date, Plaintiff does not know where the money is, but upon information and belief, believes the Defendant officers stole the money.

18. The Defendant officers found in the closed center console of the vehicle a small baggy of marijuana, which was not the Plaintiff's. In fact, the driver and owner of the vehicle, Christy Tainter, admitted that it was her drugs and not the Plaintiff's. She further told the Defendant Officers that the Plaintiff would not have known the drugs were in the center consoled because the lid to the console was shut and it was not Plaintiff's car.

19. The Defendant officers illegally search the vehicle; racially profiled the Plaintiff; and then filed an erroneous charge of Unlawful Possession of Marijuana, a Class A Misdemeanor; and made a knowingly false arrest of the Plaintiff. Defendant officers knew it was not his car and knew fully that it was not his drugs and that he was not in possession of it. The Defendant officers did not find any drugs on the Plaintiff's person.

20. By their conduct, Defendants, committed malicious prosecution; conspiracy to commit malicious prosecution, false arrest; illegal forfeiture and intentional infliction of emotional distress; and the violation of Plaintiffs rights under Article 1, §§ 11 and 12 of the Constitution of the State of New York, and the laws of the State of New York.

21. By their conduct, Defendants, City of Syracuse and Syracuse City Police Department have respondeat superior liability for the state violations and these Defendants are negligent in its hiring, screening, retention, supervision and training of the law enforcement who violated Plaintiff's civil rights committed malicious prosecution; conspiracy to commit malicious prosecution, false arrest; and intentional infliction of emotional distress. Plaintiff's rights were further violated under under Article 1, §§ 11 and 12 of the Constitution of the State of New York, and the laws of the State of New York.

4

## AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION

DEFENDANTS' VIOLATED THE PLAINTIFF'S RIGHTS UNDER
ARTICLE 1, §§ 11 AND 12 OF THE CONSTITUTION OF THE STATE OF NEW YORK.

22. Plaintiff repeats in each and every allegation contained in paragraphs numbered 1 through 21 as if set forth herein.

19. Plaintiff in this action is a citizen of the State of New York and all of the individual police officer Defendants to this suit are persons for purposes of this state's civil rights action.

20. All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as Syracuse City police officers in conjunction with and their acts or omissions were conducted within the scope of their official duties or employment.

21. Defendants' violated Plaintiff's constitutional rights under Article 1, §§ 11 and 12 of the Constitution of the State of New York, and the laws of the State of New York.

22. All the foregoing acts by Defendants deprived Plaintiff of federally protected rights, under color of New York State Law as those rights and federally protected rights are applied to the State of New York through the Fourteenth Amendment to the United States Constitution.

23. Defendants' violated Plaintiff's Fourth Amendment Rights as these rights apply to the states through the Fourteenth Amendment of the United States Constitution, defined as "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Defendants' illegally and in violation of this Bill of Right falsely arrested without probable cause to support a misdemeanor charge that was ultimately dismissed in

5

open court of the City of Court for the City of Syracuse.

24. Defendants, collectively and individually, or acting under color of state law, were directly and actively involved in violating the constitutional rights under the New York State Constitution of the Plaintiff, as alleged herein.

25. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate employees and were directly responsible for the violation of Plaintiff's constitutional rights under New York State law.

## AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION

VIOLATION OF ARTICLE 1, §§ 11 AND 12 OF THE CONSTITUTION OF THE STATE OF NEW YORK - MALICIOUS PROSECUTION OF THE PLAINTIFF BY THE DEFENDANT, CITY OF SYRACUSE AND SYRACUSE POLICE DEPARTMENT.

26. Plaintiff repeats each and every allegation contained in paragraphs numbered 1 to 25 as if set forth herein.

27. Plaintiff in this action is a citizen of the State of New York and all of the individual police officer Defendants to this suit are persons for purposes of this state civil rights action.

28. All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as Syracuse City police officers and their acts or omissions were conducted within the scope of their official duties or employment.

29. At the time of the complained of events, Plaintiff had the clearly established constitutional right to be free from malicious prosecution without probable cause under the Constitution of the State of New York.

30. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

6

31. The Defendant Officers then illegally searched the Plaintiff where they found $3,300.00 in cash on the Plaintiff. Plaintiff was in the music recording business until he had a stroke in February 14, 2016. Plaintiff was in a coma for a week. It took Plaintiff approximately a year to learn how to talk and walk. Plaintiff is limited in using his hands, therefore, he does not record music anymore. The monies found on his person was money he had saved from his business.

32. Upon information and belief, the Defendant officers took Plaintiff's money in the amount of $3,300.00. To date, Plaintiff does not know where the money is, but upon information and belief, believes the Defendant officers stole the money.

33. The Defendant officers found in the closed center console of the vehicle a small baggy of marijuana, which was not the Plaintiff's. In fact, the driver and owner of the vehicle, Christy Tainter, admitted that it was her drugs and not the Plaintiff's. She further told the Defendant Officers that the Plaintiff would not have known the drugs were in the center consoled because the lid to the console was shut and it was not Plaintiff's car.

34. The Defendant officers illegally search the vehicle; racially profiled the Plaintiff; and then filed an erroneous charge of Unlawful Possession of Marijuana, a Class A Misdemeanor; and made a knowingly false arrest of the Plaintiff. Defendant officers knew it was not his car and knew fully that it was not his drugs and that he was not in possession of it. The Defendant officers did not find any drugs on the Plaintiff's person.

35. The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

7

36. These individual Defendants acted in concert and joint action with each other.

37. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

38. Defendants are not entitled to any type of immunity for the complained of conduct.

39. The Defendants to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in its actions pertaining to Plaintiff and like Plaintiffs.

40. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages and losses as described herein entitling him to compensatory damages, in amounts to be determined at trial.

41. Plaintiff was not guilty of the misdemeanor crime he was charged with, and at the time of his arrest, the Plaintiff was a good citizen and respected by his neighbors. The charges made by the Defendants and the arrest were made and caused by the Defendants without any probable cause to suspect the Plaintiff of the alleged crime, and the arrest and detention were malicious and unlawful.

### AS AND FOR PLAINTFF'S THIRD CAUSE OF ACTION

VIOLATION OF VIOLATION OF ARTICLE 1, §§ 11 AND 12 OF THE CONSTITUTION OF THE STATE OF NEW YORK - MALICIOUS PROSECUTION AND CONSPIRACY TO COMMIT MALICIOUS PROSECUTION OF THE PLAINTIFF BY THE DEFENDANTS, SYRACUSE POLICE OFFICER QUINTON AND SYRACUSE POLICE OFFICER SINCLAIR

42. Plaintiff repeats each and every allegation contained in paragraphs numbered 1 to 41 as if set forth herein.

8

43. Plaintiff in this action is a citizen of the State of New York and all of the individual police officer Defendants to this suit are persons for purposes of this state civil rights action.

44. All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as Syracuse City police officers and their acts or omissions were conducted within the scope of their official duties or employment.

45. At the time of the complained of events, Plaintiff had the clearly established constitutional right to be free from conspiracy to commit malicious prosecution without probable cause under the Constitution of the State of New York.

46. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

47. Again, the Defendant Officers then illegally searched the Plaintiff where they found $3,300.00 in cash on the Plaintiff. Plaintiff was in the music recording business until he had a stroke in February 14, 2016. Plaintiff was in a coma for a week. It took Plaintiff approximately a year to learn how to talk and walk. Plaintiff is limited in using his hands, therefore, he does not record music anymore. The monies found on his person was money he had saved from his business.

48. Upon information and belief, the Defendant officers took Plaintiff's money in the amount of $3,300.00. To date, Plaintiff does not know where the money is, but upon information and belief, believes the Defendant officers stole the money.

49. The Defendant officers found in the closed center console of the vehicle a small baggy of marijuana, which was not the Plaintiff's. In fact, the driver and owner of the vehicle, Christy Tainter, admitted that it was her drugs and not the Plaintiff's. She further told the

9

Defendant Officers that the Plaintiff would not have known the drugs were in the center consoled because the lid to the console was shut and it was not Plaintiff's car.

50. The Defendant officers illegally search the vehicle; racially profiled the Plaintiff; and then filed an erroneous charge of Unlawful Possession of Marijuana, a Class A Misdemeanor; and made a knowingly false arrest of the Plaintiff. Defendant officers knew it was not his car and knew fully that it was not his drugs and that he was not in possession of it. The Defendant officers did not find any drugs on the Plaintiff's person.

51. The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

52. These individual Defendants acted in concert and joint action with each other.

53. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

54. Defendants are not entitled to any type of immunity for the complained of conduct.

55. The Defendants to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in its actions pertaining to Plaintiff and like Plaintiffs.

56. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages and losses as described herein entitling him to compensatory damages, in amounts to be determined at trial.

57. Plaintiff was not guilty of the misdemeanor crime he was charged with, and at the time of his arrest, the Plaintiff was a good citizen and respected by his neighbors. The charges

10

made by the Defendants and the arrest were made and caused by the Defendants without any probable cause to suspect the Plaintiff of the alleged crime, and the arrest and detention were malicious and unlawful.

58. For purposes of conspiracy, the Defendants Budelmann and Valdina are persons and not entities. This claim is properly brought under New York State Law.

## AS AND FOR PLAINTIFF'S FOURTH CAUSE OF ACTION

### FALSE ARREST OF THE PLAINTIFF

59. Plaintiff repeats each and every allegation contained in paragraphs numbered 1 to 59 as if set forth herein.

60. Plaintiff in this action is a citizen of the State of New York and all of the individual police officer Defendants to this suit are persons for purposes of this state civil rights action.

61. All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as Syracuse City police officers and their acts or omissions were conducted within the scope of their official duties or employment.

62. At the time of the complained of events, Plaintiff had the clearly established constitutional right to be free from false arrest without probable cause under the Constitution of the State of New York.

63. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

64. Again, the Defendant Officers then illegally searched the Plaintiff where they found $3,300.00 in cash on the Plaintiff. Plaintiff was in the music recording business until he had a stroke in February 14, 2016. Plaintiff was in a coma for a week. It took Plaintiff approximately

11

a year to learn how to talk and walk. Plaintiff is limited in using his hands, therefore, he does not record music anymore. The monies found on his person was money he had saved from his business.

65. Upon information and belief, the Defendant officers took Plaintiff's money in the amount of $3,300.00. To date, Plaintiff does not know where the money is, but upon information and belief, believes the Defendant officers stole the money.

66. The Defendant officers found in the closed center console of the vehicle a small baggy of marijuana, which was not the Plaintiff's. In fact, the driver and owner of the vehicle, Christy Tainter, admitted that it was her drugs and not the Plaintiff's. She further told the Defendant Officers that the Plaintiff would not have known the drugs were in the center consoled because the lid to the console was shut and it was not Plaintiff's car.

67. The Defendant officers illegally search the vehicle; racially profiled the Plaintiff; and then filed an erroneous charge of Unlawful Possession of Marijuana, a Class A Misdemeanor; and made a knowingly false arrest of the Plaintiff. Defendant officers knew it was not his car and knew fully that it was not his drugs and that he was not in possession of it. The Defendant officers did not find any drugs on the Plaintiff's person.

68. The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

69. These individual Defendants acted in concert and joint action with each other.

70. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

12

71. Defendants are not entitled to any type of immunity for the complained of conduct.

72. The Defendants to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in its actions pertaining to Plaintiff and like Plaintiffs.

73. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages and losses as described herein entitling him to compensatory damages, in amounts to be determined at trial.

74. Plaintiff was not guilty of the misdemeanor crime he was charged with, and at the time of his arrest, the Plaintiff was a good citizen and respected by his neighbors. The charges made by the Defendants and the arrest were made and caused by the Defendants without any probable cause to suspect the Plaintiff of the alleged crime, and the arrest and detention were malicious and unlawful.

75. As a direct and proximate result of the acts of Defendants, Plaintiff suffers and continues to suffer, physical, psychological, and economic injuries, was deprived of his physical liberty and was the subject of disdain, jeer, and derision within the community.

## AS AND FOR PLAINTIFF'S FIFTH CAUSE OF ACTION

**DEFENDANTS' ILLEGALLY TOOK MONIES FROM THE PLAINTIFF THAT THEY WERE NOT ENTITLED TO UNDER THE FORFEITURE STATUTE OF THE CRIMINAL PROCEDURE LAW.**

76. Plaintiff repeats each and every allegation contained in paragraphs numbered 1 to 75 as if set forth herein.

13

77. Again, the Defendant Officers then illegally searched the Plaintiff where they found $3,300.00 in cash on the Plaintiff. Plaintiff was in the music recording business until he had a stroke in February 14, 2016. Plaintiff was in a coma for a week. It took Plaintiff approximately a year to learn how to talk and walk. Plaintiff is limited in using his hands, therefore, he does not record music anymore. The monies found on his person was money he had saved from his business.

78. Upon information and belief, the Defendant officers took Plaintiff's money in the amount of $3,300.00. To date, Plaintiff does not know where the money is, but upon information and belief, believes the Defendant officers stole the money.

79. By the Defendant officers taking the money and not returning the money once the misdemeanor charge was dismissed constitutes an illegal forfeiture of the Plaintiff's money in direct violation of the New York State Criminal Procedure Law and due process.

## AS AND FOR PLAINTIFF'S SIXTH CAUSE OF ACTION

INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

80. Plaintiff repeats each and every allegation contained in paragraphs numbered 1 to 79 as if set forth herein.

81. By the actions described above, the Defendants engaged in extreme and outrageous conduct, which intentionally and/or negligently caused severe emotional distress to Plaintiff. The acts and conduct of the defendants were the direct proximate cause of injury and damage to the Plaintiff and violated her statutory common law rights as guaranteed by the Laws and Constitution of the State of New York.

14

82. As a result of the foregoing, Plaintiff suffered specific serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and is otherwise damaged.

## AS AND FOR PLAINTIFF'S SEVENTH CAUSE OF ACTION

RESPONDEAT SUPERIOR LIABILITY OF DEFENDANTS CITY OF SYRACUSER AND THE SYRACUSE CITY POLICE DEPARTMENT.

83. Plaintiff hereby repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 82 of Plaintiff's Verified Complaint, as if fully set forth here at length.

84. By their conduct, Defendants, City of Syracuse and the Syracuse City Police Department have respondeat superior liability for the state violations and these Defendants are negligent in its hiring, screening, retention, supervision and training of Defendants, **SYRACUSE POLICE OFFICER QUINTON AND SYRACUSE POLICE OFFICER SINCLAIR**, who violated Plaintiff's civil rights, malicious prosecution; conspiracy to commit malicious prosecution, false arrest; illegal forfeiture; intentional infliction of emotional distress; and the violation of Plaintiff's rights pursuant to the Constitution of the State of New York.

**WHEREFORE,** Plaintiff demands judgment against the Defendants individually and jointly and prays for relief as follows:

a) That Plaintiff be compensated for violations of his constitutional rights, pain and suffering, mental anguish and humiliation; and

b) That Plaintiff be awarded punitive damages against the Defendants; and

c) That Plaintiff be awarded attorney's fees; and the costs and disbursements of this action;

d) For such other and further relief this Court deems just and proper.

15

Dated: August 9, 2018

                        JARROD W. SMITH, ESQ., P.L.L.C.

                        Jarrod W. Smith, Esq.
                        Attorney for Plaintiff
                        11 South Main Street – P.O. Box 173
                        Jordan, New York 13080
                        Tel. No.: (315) 277-5370
                        Fax No.: (315) 277-5395
                        jarrodwsmithesqpllc@gmail.com

## VERIFICATION

STATE OF NEW YORK)
COUNTY OF ONONDAGA )   ss:

JIMMIE J. HARRISON, being duly sworn, deposes and says that deponent is the Plaintiff in the within action; that deponent has read the foregoing Complaint and know the contents thereof; that the same is true to deponent's knowledge, except as to the matters therein stated to be alleged upon information and belief and as to those matters deponent believes them to be true.

_____
JIMMIE J. HARRISON

Sworn to before me this 10th day of August, 2018.

_____
Notary Public

Jarrod W. Smith
Notary Public, State of New York
No. 02SM6107440
Qualified in Onondaga County
Commission Expires  3-26-2020

17